UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | No. 6:20-CR-012-REW-HAI |
| v. | ) ) | ORDER |
| PAUL W. SERGENT, II, | ) ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, *see* DE 179 (Minute Entry), Judge Ingram recommended that the undersigned accept Defendant Sergent's guilty plea and adjudge Sergent guilty of Count One of the Indictment (DE 1). *See* DE 180 (Recommendation). Judge Ingram expressly informed Sergent of the right to object to the recommendation and to secure de novo review from the undersigned. *See id.* at 2-3. The established, 3-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 66, 472 (1985); *see also United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981) (holding that a failure to file objections to a magistrate's judge's recommendation waives the right to appellate review); Fed. R. Crim. P. 59(b)(2)–(3) (limiting *de novo* review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting *de novo* review duty to "those portions" of the recommendation "to which objection is made").

The Court thus, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 180, **ACCEPTS** Sergent's guilty plea, and **ADJUDGES** Defendant guilty of Count One of the Indictment;

2. The Court will issue a separate sentencing order.[1]

This the 4th day of May, 2021.

Signed By:
*Robert E. Wier* /s/ REW
United States District Judge

---

[1] At the hearing, Judge Ingram remanded Sergent to custody. *See* DE 179. This was the status pre-plea. DE 46. The Court, thus, sees no need to further address detention, at this time.